UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON ROESCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19CV2962 JCH |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Remand to State Court, filed March 30, 2020.  (ECF No. 20).  The motion is fully briefed and ready for disposition.

**BACKGROUND**

On or about February 18, 2016, Plaintiff Aaron Roesch filed a Petition against Defendant State Farm Fire and Casualty Company ("State Farm") in the Circuit Court of the City of St. Louis, Missouri.  (*See* Case No. 4:16CV474 JCH, ECF No. 6).  State Farm removed the case to this Court on April 6, 2016.  (*Id.*, ECF No. 1).  When Plaintiff failed to provide responses to discovery propounded by State Farm, the Court dismissed the Complaint without prejudice.  (*Id.*, ECF No. 20).

Plaintiff re-filed his Petition in the Circuit Court of the City of St. Louis, Missouri, on or about September 25, 2017.  (*See* Case No. 4:17CV2665 JCH, ECF No. 4).  State Farm removed the case to this Court on October 31, 2017.  (*Id.*, ECF No. 1).  On or about July 10, 2018, the Court granted Plaintiff's request to dismiss the case without prejudice.  (*Id.*, ECF No. 28).

On or about September 6, 2019, Plaintiff filed a Petition for Breach of Promise and Refusal to Pay in the Circuit Court of the City of St. Louis, Missouri.  (ECF No. 8).  Plaintiff named as

- 1 -

Defendants State Farm and Donna Young (State Farm Agent and Underwriter). (*Id.*). State Farm once again removed the case to this Court on November 1, 2019, on the basis of diversity of citizenship. (ECF No. 1). As grounds for the removal State Farm claimed that Young was fraudulently joined as a Defendant, as Plaintiff has never had any contact with agent Young. (*Id.*).[1]

With leave of Court, on December 10, 2019, Plaintiff filed an Amended Petition for Breach of Promise and Refusal to Pay (hereinafter "Complaint"), naming as Defendants State Farm and Barbara A. Simons. (ECF No. 13). In his Complaint Plaintiff alleges that at all relevant times, he was the owner and occupant of real estate located at 9017 Newby Street, St. Louis, MO, 63147 (the "Property"). (Compl., ¶ 1). Plaintiff alleges that he purchased a policy of insurance on the Property from Defendant Simons, a State Farm Agent/Underwriter who, upon information and belief, resides in Missouri. (*Id.*, ¶¶ 2, 7).[2] Plaintiff claims he relied on Defendant Simons' explanations and representations in deciding to purchase the policy from State Farm. (*Id.*, ¶ 7).

According to Plaintiff, on or about August 31, 2013, while the policy was in effect, the Property was rendered a total loss, with the cause being listed as Arson—Second Degree. (Compl., ¶¶ 7, 9). Plaintiff claims that although he cooperated fully with Defendants, by providing information and documentation concerning the circumstances underlying the loss, his whereabouts, and possible suspects in the arson, Defendants refused to pay and instead attempted to cancel coverage under the policy. (*Id.*, ¶¶ 10-12).

On March 30, 2020, Plaintiff filed the instant Motion for Remand to State Court, claiming remand is appropriate as complete diversity does not exist. (ECF No. 20). In response, State Farm

---

[1] Young filed a Motion to Dismiss on November 1, 2019, stating as follows: "Defendant Young does not believe she has ever met or spoken with the plaintiff, and is certain she has never been plaintiff's insurance agent and was not the agent who sold the policy at issue in this case to plaintiff and she has never advised plaintiff of any coverages under said policy." (ECF No. 6).
[2] On January 28, 2020, State Farm filed a Suggestion of Death as to Defendant Simons. (ECF No. 15).

asserts Plaintiff's motion should be denied, as Defendant Simons was fraudulently joined in an effort to defeat diversity jurisdiction. (ECF No. 23).

## **DISCUSSION**

Generally, a defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions where the matter is between citizens of different states, and the amount in controversy is greater than $75,000.³ 28 U.S.C. § 1332(a)(1). Such cases thus may be removed, provided none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand." *Byrd v. TVI, Inc.*, No. 4:15CV1439 CDP, 2015 WL 5568454, at *1 (E.D. Mo. Sept. 21, 2015) (citation omitted); *see also In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

In the instant case, as noted above both Plaintiff and Defendant Simons purportedly are citizens of the State of Missouri. Complete diversity of citizenship therefore does not exist, and removal is precluded unless Defendant Simons was fraudulently joined. *See Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (internal quotation marks and citations omitted) ("[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy.") "The purpose of this [fraudulent joinder] exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (citation omitted).

Joinder of a defendant is fraudulent where there exists no reasonable basis in law or fact to support the claim asserted against it. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227

---

3 Plaintiff does not dispute that the amount in controversy here is greater than $75,000.

(8th Cir. 2015). "This reasonableness standard requires the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Waller v. Blast Fitness Group, LLC*, No. 4:15CV586 AGF, 2015 WL 7737298, at *3 (E.D. Mo. Dec. 1, 2015) (internal quotation marks and citations omitted). The question turns on whether the plaintiff might have a "colorable" claim against the non-diverse or resident defendant. *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 446 (8th Cir. 2010), *cert. denied*, 565 U.S. 816 (2011). If not, the joinder is fraudulent and dismissal of the defendant is proper. *See Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014); *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks and citation omitted) ("[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."). At all times Defendant State Farm, as the removing party alleging fraudulent joinder, bears the burden of proving the alleged fraud. *Waller*, 2015 WL 7737298, at *3.

In his Complaint, Plaintiff apparently asserts a claim for fraudulent and/or negligent misrepresentation against Defendant Simons. "The elements of a claim for fraud are: (1) a representation, (2) its falsity at the time made, (3) its materiality, (4) the speaker's knowledge of the falsity, (5) the speaker's intent that the statements should be acted upon by the other party in the manner contemplated, (6) the other party's ignorance of the falsity, (7) the other party's reliance on the perceived truthfulness of the representation, (8) the right to rely upon the statement, and (9) damages." *Ryann Spencer Group, Inc. v. Assurance Co. of Amer.*, 275 S.W.3d 284, 287 (Mo. App. 2008) (citing *Hyatt v. Trans World Airlines*, 943 S.W.2d 292, 295-296 (Mo. App. 1997)). "The elements of a claim for negligent misrepresentation are: (1) the speaker supplied information in the course of [her] business; (2) because of a failure by the speaker to exercise reasonable care, the information was false; (3) the information was intentionally provided by the

speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's justified reliance on the information, the listener suffered a pecuniary loss." *Id.* at 288 (citing *Colgan v. Washington Realty Co.*, 879 S.W.2d 686, 689 (Mo. App. 1994)).

Plaintiff's allegations with respect to Defendant Simons are as follows: "That following Plaintiff's purchase and acquisition of the property and real estate, he purchased a policy of insurance from Defendant State Farm through their Agent/Underwriter Barbara A. Simons, relied on her explanations and representations, and in so doing paid the premium for a policy that promised payment for replacement value of the real estate in the sum of $157,000.00 (Policy Number 25-339D-951). Plaintiff paid the premium in full, as he planned on improving the property and enhancing its value. In so doing, he reasonably relied on the representations and statements of Defendant State Farm Agent/Underwriter Barbara A. Simons, and was reasonable in so doing." (Compl., ¶ 7). As the Court construes Plaintiff's claim, he asserts Defendant Simons represented to Plaintiff that State Farm would issue to Plaintiff an insurance policy, and pay on that policy in the event of a covered loss the full fair market value of Plaintiff's covered property, while knowing, or recklessly failing to know, that State Farm would not do so. *See Ryann Spencer Group*, 275 S.W.3d at 290.[4]

Under Missouri law, "[s]tatements and representations about expectations and predictions for the future, especially regarding future actions of an independent third party, do not constitute fraudulent misrepresentation." *Ryann Spencer Group*, 275 S.W.3d at 290 (citing *Bohac v. Walsh*, 223 S.W.3d 858, 863 (Mo. App. 2007)). *See also AMCM, Inc. v. Philadelphia Indemnity Ins. Co.*, No. 1:08CV142 LMB, 2009 WL 1543454, at *3 (E.D. Mo. Jun. 2, 2009) (citations omitted)

---

4 Plaintiff does not allege Defendant Simons was involved in the investigation and/or eventual denial of his insurance claim.

("Under Missouri law, however, neither fraudulent misrepresentation claims nor negligent misrepresentation claims are actionable against one making a representation regarding future actions of an independent third party."). Here, Defendant Simons' alleged representations specifically involve the future actions of State Farm, an independent third party. As such, Plaintiff was not justified in relying on such representations as a matter of law. *See Ryann Spencer Group*, 275 S.W.3d at 290 (citing *Rhodes Engineering Co., Inc. v. Public Water Supply Dist. No. 1 of Holt County*, 128 S.W.3d 550, 568 (Mo. App. 2004); *Eureka Pipe, Inc. v. Cretcher-Lynch & Co.,* 754 S.W.2d 897, 898-99 (Mo. App. 1988)).[5] Under these circumstances, the Court will dismiss Plaintiff's claims against Defendant Simons, and deny his Motion for Remand to State Court. *See AMCM, Inc.*, 2009 WL 1543454, at *4.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand to State Court (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Barbara A Simons is **DISMISSED** as a Defendant in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Substitution of Deceased Defendant/Agent Barbara A. Simons (ECF No. 25) is **DENIED**.

Dated this      13th      Day of 2020.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

5 The Court in *Ryann Spencer Group* noted that a negligent misrepresentation claim also may not be premised on a promise that a third party will perform an act at some time in the future. *See Id.* at 291.